### HYLAND v. GILLESPIE.

(Supreme Court, Appellate Term, First Department. February 4, 1915.)

LANDLORD AND TENANT (§ 172*)—EVICTION—"CONSTRUCTIVE EVICTION."

    Failure of a landlord to make necessary repairs and furnish necessary heat, though promising so to do to render the premises fit for occupancy, is a "constructive eviction," and the tenant removing from the premises within a reasonable time is not liable for rent.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 695–703; Dec. Dig. § 172.*

    For other definitions, see Words and Phrases, First and Second Series, Constructive Eviction.]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Annie Hyland against James F. Gillespie. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued January term, 1915, before GUY, BIJUR, and GAVEGAN, JJ.

Tausch & Hamilton, of New York City, for appellant.

Harry S. Wallenstein, of New York City, for respondent.

GUY, J. The plaintiff has recovered a judgment against defendant based upon a claim that the defendant orally leased an apartment at

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

No. 530 West 178th street for a term of one year, and that the term was to begin on October 15, 1913, at a rental of $275 per year payable in monthly installments in advance. The judgment is for the rent from October 15, 1913, to May 1, 1914; the justice holding that there was an indefinite hiring which terminated on May 1st. The defense was: (1) That there was no leasing for a year; and (2) that there was a constructive eviction. It was not disputed upon the trial that the leasing was made upon condition that certain repairs should be done to the rooms in order to render them fit for occupancy. These repairs were to be completed as early as October 18th. The defendant's goods were then in a storage warehouse, and he moved them to the apartment on October 18th. He then found that the repairs had not been completed and his goods were not unpacked. He moved out of the rooms on or about November 15th, without having unpacked his goods. The defendant and his wife both testified that during their occupancy they repeatedly asked that they have heat, that the rooms were insufficiently heated, and the defendant swore that the roof leaked badly. Both testified that the landlord repeatedly promised that the repairs should be completed, which was not done, and that sufficient heat would be furnished, which promise was also unfulfilled. Two apparently disinterested witnesses testified that they visited the defendant's wife at several times, that there was no heat in the rooms, and that they had to sit with heavy coats on in order to be comfortable. One of these witnesses testified that she was there at different times during defendant's occupancy from 11 a. m. until 5 or 6 p. m., and that there was no heat in the rooms. The only testimony given to offset this was by the plaintiff, who merely testified that the heat was turned on October 20th and was kept on continuously until May 1st; whether or not sufficient heat was furnished, plaintiff did not state. Under all the circumstances as disclosed by the evidence, a constructive eviction was clearly made out, and the defendant promptly removed from the premises upon ascertaining that there was no probability of the repeated promises of the landlord being complied with. Judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.